UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TIMOTHY MARK YARBROUGH, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No.   3:19-CV-278 |
| ) | |
| LOUDON COUNTY SHERIFF'S ) | Judge Collier |
| OFFICE, LOUDON COUNTY GENERAL ) | |
| SESSIONS COURT, PATRICK HENRY, ) | |
| CAPTAIN KEENER, CORPORAL ANGI ) | |
| MARTIN, CORPORAL SNOW, CHERYL ) | |
| WEST, OFFICER JACKSON, OFFICER ) | |
| DALLAS HILTON, and OFFICER ) | |
| BRANNAM, ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION**

This is a pro se prisoner's complaint for civil rights violations filed pursuant to 42 U.S.C. § 1983. On July 23, 2019, the Court entered an order allowing Plaintiff fifteen days to file "an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the individual(s) and/or entity(ies) responsible for any such violation" [Doc. 4]. Plaintiff did not comply with this order, but instead filed a motion to appoint counsel in which he also sought an extension of time to file an amended complaint [Doc. 5]. On September 30, 2019, the Court denied this motion in part to the extent that Plaintiff sought appointment of counsel, but granted it in part to the extent that it provided Plaintiff fifteen days from the date of entry of the order to file an amended complaint [Doc. 6].

However, more than thirty days have passed since the Court entered this order and Plaintiff has not filed an amended complaint or otherwise communicated with the Court. Accordingly, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering such a dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988), *superseded by statute on other grounds, as recognized in Vance, by and Through Hammons v. United States*, 182 F.3d 920 (Table), 1999 WL 455435, *6 (6th Cir. 1999).

As to the first factor, Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff received the Court's second order allowing him to file an amended complaint but chose not to comply therewith. As such, the first factor weighs in favor of dismissal. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to timely file an amended complaint [Doc. 6 at 4]. Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was proceeding *in forma pauperis* in this matter [Doc. 4] and has not responded to the Court's order.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). Accordingly, this action will be

**DISMISSED**. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**An appropriate order will enter.**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**